IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DARION GIPSON,**

        **Plaintiff,**

**v.**                                        **CIVIL ACTION NO.: 3:20-CV-135
(GROH)**

**CO WATSON,
CO ROSIER,
WEST STONE,
SIS,
HAZELTON USP MAILROOM and
MEDICAL,**

        **Defendants.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On July 30, 2019, the *pro se* Plaintiff, a federal prisoner incarcerated at USP Hazelton, in Bruceton Mills, West Virginia, initiated this case by filing an action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), claiming his Constitutional rights were violated.  ECF No. 1.[1]

The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed without prejudice.

---

[1] All CM/ECF numbers cited herein are from the instant case, 3:20-CV-135, unless otherwise noted.

## II.   FACTUAL AND PROCEDURAL HISTORY

Plaintiff initiated this action on July 30, 2020, while incarcerated[2] at FCI Hazelton.  The complaint[3] alleges that Defendants committed various acts of misconduct including: (1) Plaintiff was assaulted by Hazelton staff [ECF No. 1 at 8 – 9]; (2) violation of Plaintiff's due process rights, [Id. at 10]; (3) denial of medical care [Id. at 10 - 11]; (4) unsanitary conditions [Id.]; (5) cruel and unusual punishment [Id. at 11]; and (6) that the institutional mailroom interfered with his mail [Id. at 4, 11].

According to the complaint, Plaintiff has filed at least four grievances, including a BP 8 and BP9 grievance form.  ECF No. 1 at 6.  Plaintiff attached two copies of administrative grievances to his complaint.  ECF No. 1-1 at 5 – 6.  The first of those, case number 1032393-F1, was stamped received on July 9, 2020, the second, case number 1034168-F1, was stamped received on July 20, 2020.  Id.  Plaintiff filed two additional administrative remedy receipts to his complaint, with separate remedy case numbers: (1) 1032409-F1 was received July 10, 2020, with a response was due from Hazelton USP by July 30, 2020; and (2) 1032406-F1 was also received July 10, 2020, with a response due from Hazelton USP by July 30, 2020.  ECF No. 1-1 at 3, 4.

Plaintiff seek 25 million dollars ($25,000,000.00) in damages and requests a transfer to a "medical jail for [his] mental health issues" to be properly treated.  ECF No. 1 at 12.

---

[2]  According to the Bureau of Prisons inmate locator website, Plaintiff's projected release date from BOP custody is June 11, 2027.

[3]  The Court notes that Plaintiff did not complete the Court-approved form in full as required by the Local Rules of Prisoner Litigation Procedure.  In the section reserved for Statement of Claims, Plaintiff wrote only in the section for Claim 1, then attached three single-spaced handwritten pages to the form which asserted other claims, but left the sections for Claims 2 through 5 blank.  ECF No. 1 at 7 – 12.

# III.    LEGAL STANDARD

## A.    Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

## B.    Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

> to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

### C.      Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### D.      Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e (a). "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."  Porter v. Nussle, 534 U.S. 516, 524 (2002).   "[F]ederal prisoners suing under Bivens [ ], must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit."  Id.

(internal citation omitted). Thus, exhaustion through administrative remedies is clearly mandated by § 1997(e)(a) prior to seeking relief through suit pursuant to Bivens. Booth v. Churner, 532 U.S. 731, 741 (2001).

## IV.   ANALYSIS

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice." McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634-35 (2d Cir.2001), Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981)). Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth, 532 U.S. at 741). "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524.

Although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the court has the authority under 28 U.S.C. § 1915 to dismiss the case sua sponte. Custis v. Davis, 851 F.3d 358, 361 (2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that

the inmate failed to exhaust his administrative remedies.")

Petitioner has not claimed any excuse for his failure to exhaust.    As recognized in Carmona, supra, which was cited by the Fourth Circuit in its opinion in McClung:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
>
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies.  When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

Carmona, 243 F.3d at 634 (internal citations omitted).

In his complaint Plaintiff asserts that he has begun the prisoner grievance procedure, and that he has appealed through the regional office administrative remedy procedure.  ECF No. 1 at 6.  However, Plaintiff concedes that the regional office hasn't responded.  Id.  Critically, at least two of the claims in Plaintiff's complaint were subjects of administrative grievances which were filed with the institution on July 9 and July 20, less than three weeks before the filing of his complaint.  ECF No. 1-1 at 3, 4.  Further, the responses to two separate administrative grievances filed with the institution were not due until July 30, 2020, the same date Plaintiff filed his complaint.  It is clear upon the face of the complaint that such administrative appeals have not been exhausted.

6

Plaintiff does not allege that he was denied administrative remedy forms, or otherwise prevented from pursuing administrative remedies. Accordingly, the undersigned finds that Plaintiff has presented no claim that is substantial and serious enough that would deter a similarly situated prisoner of ordinary fitness from pursuing administrative remedies.

Rather, Plaintiff has submitted some of his grievance forms with his complaint, which grievances were filed the same month that Plaintiff filed the instant complaint. ECF No. 1-1 at 5 – 6. Accordingly, exhaustion has not occurred and this matter is premature. This failure to exhaust administrative remedies is apparent on the face of his pleadings.

In <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 94 - 95 (1998), the Supreme Court wrote that "without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." <u>See also</u> <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n. 10 (4th Cir. 1999). Because this court lacks jurisdiction, this court cannot entertain the petition.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which**

**objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:        July 31, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE